# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 13, 2018

| | |
|---|---|
| * * * * * * * * * * * * * ** | UNPUBLISHED |
| MAKENNA WEAVER,        * | |
|    * | No. 16-1198V |
|    * | |
|      Petitioner,    * | Chief Special Master Dorsey |
| v.    * | |
|    * | Attorneys' Fees and Costs. |
| SECRETARY OF HEALTH    * | |
| AND HUMAN SERVICES,    * | |
|    * | |
|    * | |
|      Respondent.    * | |
| * * * * * * * * * * * * * ** | |

Nicholas Edward Bunch, White, Getgey & Meyer, Cincinnati, Ohio, for petitioner.
Justine Walters, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 26, 2016, Makenna Weaver ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") alleging that as a result of the Trivalent Influenza Vaccination received on October 6, 2014, she developed Guillain Barré Syndrome ("GBS"). Petition dated Sep. 26, 2016 at ¶ 1. (ECF No. 1.)

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may objection to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 16, 2018, the undersigned issued an order concluding proceedings based on the parties' joint stipulation. Order dated Jan. 16, 2018 (ECF No. 29.)

On January 30, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot.") dated Jan. 30, 2018 (ECF No. 30.) Petitioner requests attorneys' fees in the amount of $5,873.25 and attorneys' costs in the amount of $3,109.86. Id. at 3. Petitioner did not personally incur any fees or costs. Notice of filing dated Jan. 30, 2018 (ECF No. 31.) Respondent does not object to the overall amount sought. Thus, the total amount requested is $8,983.11. Id.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested attorney hourly rates or costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The petitioner's request is reasonable, and the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the following:**

**A total of $8,983.11**[3] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Nicholas E. Bunch.**

The Clerk of the Court SHALL ENTER JUDGMENT in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.